

FILED _____ ENTERED
LODGED _____ RECEIVED

FEB ____ 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASH.

07-CV-00291-CMP

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN ZWICKER, an individual, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

GENERAL MOTORS CORPORATION, a
Delaware corporation,

Defendant.

NO. C 07-0291 JCC

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE
RELIEF, AND RESTITUTION

DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.1     Plaintiff Kevin Zwicker brings this action for himself and on behalf of all similarly situated persons who purchased or leased defective Trucks or sport utility Trucks (as defined below) designed, manufactured, marketed, advertised, warranted, distributed, sold or leased by Defendant General Motors Corporation ("GM").

1.2     The defective Trucks and sport utility Trucks include the following models and makes: Chevrolet Avalanche, Chevrolet Silverado, Chevrolet Suburban, Chevrolet Tahoe, Chevrolet Trailblazer, GMC Denali, GMC Envoy, GMC Sierra, GMC Trailblazer, and Cadillac Escalade model years 2003 – 2007 (the "Trucks").

ORIGINAL

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 1
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1.3     At the time of sale or lease, the Trucks contained a defect that causes the speedometers to register and display inaccurate speeds both when the Trucks are at a standstill and when they are moving. Many speedometers fail to register the vehicle's speed at all. This defect is unreasonably dangerous, as it can lead to accidents and cause drivers of Trucks to unwittingly exceed posted speed limits.

1.4     GM knew or should have known that the Trucks' speedometers are defective and not fit for their intended purpose of properly and effectively measuring the rate of speed of the Trucks. Nevertheless, GM actively has concealed and has failed to disclose the existence and nature of said defect from Plaintiff and the Class members at the time of purchase or lease and thereafter. Moreover, despite knowledge of the defect by virtue of customer complaints, GM has not recalled the Trucks to repair the defect, has not offered to its customers a suitable repair or replacement free of charge, has not offered to reimburse Truck owners and leaseholders, present or past, who incurred costs relating to speedometer repairs or replacement, and has not offered to reimburse Truck owners and leaseholders, present or past, who received traffic tickets or increased insurance premiums for exceeding posted rates of speed.

1.5     As a result of the defect in the Trucks' speedometers, Plaintiff and the members of the Class have suffered damages.

## II. PARTIES

2.1     Plaintiff Kevin Zwicker is a Washington citizen who resides in Snohomish County, Washington. Plaintiff purchased a new 2004 Chevy Suburban. The truck's speedometer gradually failed, often reading only 30 miles per hour when Plaintiff was traveling approximately 60 miles per hour on the freeway. In April 2006 the speedometer stopped working completely. Because the 3 year, 36,000 mile warranty had expired, Plaintiff had to pay approximately $100 to have the speedometer replaced under the extended warranty.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

2.2     Defendant General Motors Corporation ("GM") is a Delaware corporation with its headquarters and principal place of business in the State of Michigan.  Defendant does business in the state of Washington.  Defendant designs, tests, manufacture, markets, advertises, warrants, distributes, sells or leases trucks and sports utility trucks under several prominent brand names, including, but not limited to: GMC, Chevrolet, Buick, Cadillac, and Pontiac throughout the United States.

### III.  JURISDICTION

3.1     This is a class action.

3.2     Members of the proposed plaintiffs' class are citizens of Washington, a state different from the home state of Defendant.

3.3     On information and belief, the aggregate claims of individual class members exceed $5,000,000, exclusive of interest and costs.

3.4     As such, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

### IV.  VENUE

4.1     Defendant, through its business of distributing, selling, leasing, marketing, or warranting its Trucks, has established sufficient contacts in this district such that it is subject to personal jurisdiction here.  Pursuant to 20 U.S.C. § 1391(c), therefore, Defendant is deemed to reside in this district.

4.2     In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are situated in this district.

4.3     As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

### V.  APPLICABLE LAW

5.1     Washington State law applies to all claims in this action.

COMPLAINT    CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 3
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

## VI.  FACTUAL ALLEGATIONS

6.1     For years, GM has designed, manufactured, marketed, advertised, warranted, distributed, sold and leased the Trucks.  Upon information and belief, it has sold, directly or indirectly (through dealers and other retail outlets), hundreds of thousands, if not millions, of Trucks in Washington and nationwide.

6.2     Through various forms of media (including, but not limited to, television, print ads, brochures, the Internet, on-site brochures and promotional documents, catalogs, or product labelling) GM marketed, advertised and warranted that each Truck was fit for the ordinary purpose for which such Trucks were used and were free from defects in materials and workmanship.

6.3     In the Trucks' product guides and in other documentation, GM expressly warranted that during the warranty period — three years or 36,000 miles (4 years or 50,000 miles for the Escalade) — GM would replace any part of the Trucks which failed due to a defect in materials or workmanship.  GM also expressly warranted that it would provide, free of charge, all costs to repair any such defective part.

6.4     Despite GM's representations and warranties, the Trucks contain a defect that causes the speedometers to register and display inaccurate speeds when the Trucks are at a standstill and when they are moving. This defect is substantially and unreasonably dangerous, as it can cause drivers of the Trucks to exceed posted speed limits and can, therefore, lead to accidents, which can result in personal injury or death. Indeed, the United States National Highway Traffic Safety Administration ("NHTSA") reports on its website how dangerous speeding can be:

> Speeding is one of the most prevalent factors contributing to traffic crashes. The economic cost to society of speeding-related crashes is estimated by NHTSA to be $40.4 billion per year. In 2005, speeding was a contributing factor in 30 percent of all fatal crashes, and 13,113 lives were lost in speeding-related crashes.

COMPLAINT --- CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 4
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1 | *See* http://www-nrd.nhtsa.dot.gov/pdf/nrd-30/NCSA/TSF2005/2005TSF/810_629/810629.htm

2 | (last accessed February 21, 2007).

3 | 6.5      Hundreds, if not thousands, of purchasers and lessees of the Trucks have

4 | experienced problems with the defective Truck speedometers. Complaints filed by consumers

5 | with the NHTSA and posted on the Internet demonstrate how widespread the defect is, how the

6 | defect manifests without warning, how aware GM is of the defect, and how potentially

7 | dangerous the defective condition is:

- NHTSA Complaint: ". . . While driving various speeds, the speedometer gauge displayed an incorrect reading of 120 mph. The vehicle was inspected by an independent repair shop, who determined the instrument cluster panel needed to be replaced. *The manufacturer was alerted.*" (Emphasis added).

- NHTSA Complaint: "My '04 Chevy Tahoe's speedometer with only 40,000 just quit working and is stuck on 55 even when it sits in the garage. After seeing *hundreds of similar complaints on-line, it appears to be a widespread problem with similar GM models.*" (Emphasis added).

- NHTSA Complaint: "I drive a 2004 Tahoe LS. I am a salesman and drive quite a bit and have racked up around 95,000 miles to this day. While driving, about a year ago, I noticed my speedometer acting erratically. The needle would jump or lurch past each number as it ascended through the numbers on the speedometer. It was more noticeable in the 55 to 75 mph range. The speed was still accurate so I viewed it as a non-issue. However as time went on the accuracy began to degrade as I started noticing the speedometer would stop at 40 mph while I was driving highway speeds. The degradation has continued up to now where I am lucky if the needle even moves off of 0 mph. When the needle does move it freezes at about 15 mph forcing me to guess at my speed by monitoring the tachometer. *This is a pretty dangerous situation and I would like to assume GM would look to remedy this situation quickly. The alternative is for the consumer to foot the bill of a $500-$1100 repair cost for a manufacturer's defect as many dealers already know that the 'cluster needs to be replaced'. This is a well-documented issue for GMs built in the 2003 to 2005 model years which we, as consumers who have already invested at least $40,000 on these trucks, need to see remedied.*" (Emphasis added).

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 5
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

- NHTSA Complaint: "We have seen dozen of incidents in the past few months where the speedometer began ticking, became jerky, or stopped working all together. Sometimes it will display a speed obviously lower than the actual speed (like 30 on the highway where we are going at least 55). Other times, it will sit at 0 while the car is cruising down the road. *This problem is intermittent.* Sometime stopping and restarting the car fixes it. We will go a week or more without the problem and sometime we see it multiple times in one day. We have not repaired the issue yet. *Internet searching indicates that the average repair cost to be between $500 and $1200. Similar searching indicates that this has been seen by at least hundreds of people on variations of the Tahoe (Suburban, Avalanche, etc.). There is even someone on eBay who has a whole business around fixing broken instrument clusters for these trucks.*" (Emphasis added).

- Internet Posting: "I'm very interested to hear if your dealership has any good solutions other that a $450+ fix. *A local automotive place just changed out our speed sensor for $185 but within about 12 hrs the speedometer was screwed up again in our 2004 Chevy Tahoe. We took it back to the automotive place and now they're stumped. Help!*" (Emphasis added).

- Internet Posting: "I don't think replacing the speed sensor will work. Custom Complete Automotive in Columbia, MO replaced the speed sensor and reset the computer in our '04 Tahoe. It worked for about 12 hours before screwing up again (ie. 70 mph will in the driveway). *Custom contacted Perry Chevrolet in Columbia. They said they were familiar with the problem and they had seen 3 or 4 cases.* They said the entire "cluster" needed to be replaced (total cost from Custom will be $550). We're having the work done this week so hopefully that'll do the trick. I just hope it doesn't happen again. So how can we push GM to make this a recall? Can we write or call someone? Will they listen?" (Emphasis added).

- Internet Posting: "I have a 2004 Yukon XL with 48,000 miles. Yesterday, our Yukon started the same speedometer problem (ranging from 70mph - 120mph). I took it to the dealer today. *When he heard what the problem was, he immediately wrote out the repair information "Cluster replacement".* Then he says, "Do you have the extended warranty?". Which we do, so I don't even know how much the repair is. I should be able to pick it up tomorrow. *I had no idea so many trucks were having this same problem.*" (Emphasis added).

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 6
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

- Internet Posting: "I have a 2004 Tahoe w/ 42K miles. I'm having the same problems that several of you have been talking about. *When I called into the local GM dealership the service department was well aware of the problem*, and offered no suggestions but to get it fixed. Now I find out that they are not replacing the instrument cluster, but instead they're sending it off to be repaired. That sucks!" (Emphasis added).

- Internet Posting: "I have a 2003 2500HD. Going down interstate yesterday, speedometer jumped all the way around to 120. I pulled of at exit and it now reads 75, when stopped. This should be a safety issue for GM. I called dealer, they said it is a common problem, no recall though. *Called GM, they basically said tough luck*. This will be my last GM product." (Emphasis added).

- Internet Posting: "I have a 2003 Chevy Silverado 1500 w/ the 4.8L. With the same problem, *I took it to the dealer I bought it from and the mechanic told me he was working on a 2005 with the same problem and also he worked on others like this*. I have been using my GPS just so I get a guess on how fast I am going. I would like to be added on your list of people to complain to GM cause this is crap. I think the problem would be fixed by buying a new rig." (Emphasis added).

- Internet Posting: "I also have a 2003 Silverado 1500HD with the same problem. My dealer is telling me that the entire cluster needs to be pulled and sent for repair. He estimated the cost between $500-$600. *They act as if this is a common problem but aren't willing to do anything about it*. I would appreciate any information that anyone may have in getting this issue fixed." (Emphasis added).

- Internet Posting: "Once again all.......Please go to www.nhtsa.dot.gov and post a formal complaint to them about your problem. This is the only way we will have a recall happen. You can't undo the battery to fix this and you don't want to burn out your starter motor either! If we all complain to the NHTSA a recall will happen. Until then, pray that you don't have or cause a accident and kill someone or be killed! GM is going to pay dearly if this happens!"

- Internet Posting: "I purchased a 2004 GMC Envoy in May 2006 with about 50,000 miles on it. At about 55,000 miles, I noticed my speedometer would read 10-20 MPH off (i.e., on the highway keeping up with traffic, it would say 45MPH, sometimes 80MPH).

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 7
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

Over the past few weeks it has gotten much worse, sometimes reading 0MPH on the freeway and sometimes 120MPH. My cruise control also stopped working. *I called GMC and filed a complaint* (was referred to dealer as there are no current recalls). Dealer said instrument panel needs replacing, about $500. I filed a complaint with the NHTSA (http://www.nhtsa.dot.gov ). Hopefully if enough of us complain to the NHTSA about this defect, GMC will issue a recall. I was shocked to have this type of problem on a vehicle only 2 years old." (Emphasis added).

- Internet Posting: "I have a 2004 GMC Yukon. The speedometer is malfunctioning, It displays incorrect erratic speeds, maxing out at 40mph no mattter how fast I am driving. *Recently on a local freeway I almost had a accident when the traffic slowed ahead and I thought was going 30mph but my actual speed was about 65. It nearly killed me.* I have contacted GMC but have not had answer to this problem." (Emphasis added).

- Internet Posting: "I have a 2003 GMC Envoy (83K) fully loaded all the bells and whistles, but the speedometer is also erratic. Sometimes it works and most times it doesn't. *I was told by a GM tech that several GM SUV's and trucks have the same problem and should be recalled but nothing so far.* The repair will cost over 500.00, and despite my efforts GM refused to help. So like you guys I will drive using my tach until GM does the right thing and orders a recall." (Emphasis added).

- Internet Posting: "Filed all the complaints shockingly enough GM actually called me. They were saddened to hear I'm not happy with my 04 Z71 :(. They say I need to take it to the dealer to get the Speedo "diagnosed" before they can look into about helping me out. Of course the diagnostic fee comes out of my pocket. seems to mee there aint much to diagnose. They also did not have much to say about the laundry list of other things gone wrong."

- Internet Posting: "I have a 2004 Chevy Trailblazer. I mentioned my speedometer problem before. The local Chevy dealership is ordering an IPC. They tried "reprogramming" something, but that did not work. *When I originally mentioned the problem to the guy in the Service Center, he said he'd seen this problem often. I asked if there was a recall; he said no. He said the problem was not specific to a model and theorized Chevy/GM bought the part from a single manufacturer.* It'll cost $450, but I do have extended warranty and am covered; just have to plop down $50 for my deductible. I'll continue using my GPS until the part arrives; hopefully this week." (Emphasis added).

COMPLAINT -- CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 8
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- Internet Posting: "I have a '04 Yukon XL Denali with 26000 miles and driving from Florida to Pennsylvania on Monday (11/13/06) our speedometer started acting crazy; *we figured this out the hard way when my husband received a speeding ticket in Virginia on I-95 for doing 80 in a 55.* From that moment on it got progressively worse, not only did the speedometer read 0 when we had to be driving 55+ at one point but the acceleration became horrible; the car felt very sluggish and didn't seem to have any pick up at times. Unfortunately we are out-of-state away from home and have an appointment at a local dealership outside of Philly this coming Monday; the car is under warranty but the problem comes and goes... I have absolutely no faith this issue will be fixed before we return to FL and after reading your posts I don't know if our local dealership will fix it. We were actually considering the new Denali in the future but I think this will be our last GMC." (Emphasis added).

- Internet Posting: "So much for GM customer care....instead of acknowledging that there is a problem their solution is to recommend that I buy a service manual. I had already called the local dealer and they wanted $120 just for the diagnostic check.

Following is the GM response:

From: xxx@chevrolet.com
Sent: 11/18/2006 01:06:41 PM
To: xxx@chevrolet.com
Subject: RE: Chevrolet Other Comment
Service Request: 71-xxxxxx
Customer Relationship Specialist: L H
Dear Mr. E....,

Thank you for contacting the Chevrolet Customer Assistance Center. We appreciate you taking the time to write us in regards to your 2004 Chevrolet Tahoe. We apologize, but our function at the Customer Assistance Center is to answer any applicable warranty questions, to assist in navigation of the owner's manual and if necessary in unusual situations to act as liaisons between the customer and the dealership in the resolution of concerns. The dealerships are our technicians and are who we rely on for all technical information. They have first-hand knowledge of vehicle concerns and to answer technical questions that are specific to your vehicle. Because we sincerely desire to assist you weave included below several options to help you gain this information. We have included a location where you may purchase a shop manual,

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

information to help you locate a dealership to contact for advice, and several websites that may be of assistance.

If you are not already working with a dealership another option you may choose to pursue would be to contact your dealership of choice for technical assistance. If you would like to search for dealers, please visit our Web site and select the "dealer" option on the tool bar. You may search for your preferred dealer by the dealer name, the city and state or by your zip code. A second option that I may provide would be for you to purchase a service manual. If this option interests you we suggest that you contact Helm Incorporated, the company responsible for the distribution of official GM publications. The following are some materials that can be ordered through Helm: Owners Manuals, Service Manuals, Service Bulletins, Wiring Schematics, and Shop Manuals. You may contact Helm for further information and pricing at xxx. This information is also available on their web site at, http://www.helminc.com , or you can write to:
Helm Incorporated 14310 Hamilton Avenue Highland Park, MI 48203 Also to assist you we have included a list of websites, which specialize in assisting you to perform various repairs to your vehicle. You may find the following web sites helpful. General Motors neither endorses nor maintains these sites and will not be responsible for any of its contents.

http://www.morph44.com/auto.html
http://cartalk.cars.com/
http://www.2carpros.com/
http://www.autozone.com
http://www.alldata.com
http://www.chevymania.com/

We have documented your concern under service request number 71-xxxxxx. Please refer to this number in any future contact with the Customer Assistance Center. If you should need to contact us in the future, please e-mail us again or call our Chevrolet Customer Assistance Center at xxx. Customer Relationship Managers are available Monday through Friday from 8:00 a.m. to 11:00 p.m. Eastern Time. Please don't hesitate to contact us again if you need further assistance. Again, thank you for contacting Chevrolet.

Sincerely,
The Chevrolet Consumer Support Team

Chevrolet supports Buckle Up America. I encourage you, your family and your friends to always Buckle Up."

COMPLAINT – CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 10
4561/001/203201 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

6.6     Customers have made warranty claims to GM and have reported the defect in the Trucks' speedometers to GM directly and through its dealers so that GM is fully aware of the defect in the Trucks. Despite this, GM actively has concealed the existence and nature of said defect from Plaintiff and the members of the Class at the time of purchase or lease and thereafter. Moreover, GM has not recalled the Trucks to repair the defect, has not offered to its customers a suitable repair or replacement free of charge, has not offered to reimburse Truck owners and leaseholders, present or past, who incurred costs relating to speedometer repairs, and has not offered to reimburse members of the Class for traffic tickets or increased auto insurance premiums that are a result of exceeding posted rates of speed due to the Class Members' inability to determine from the Trucks' speedometers how fast they were going.

6.7     The members of the Class have not received the value for which they bargained when they purchased or leased the Trucks. There is a difference in value between the Trucks as warranted and the Trucks containing the defect coupled with an ineffective warranty.

6.8     The value of the Trucks has also been diminished as a result of the defect.

## VII. TOLLING

7.1     Because the defects in the design or manufacture of the Trucks and their speedometers are not detectable until manifestation of the damage, Plaintiff and the Class were not reasonably able to discover the problem until long after purchasing or leasing the Trucks, despite their exercise of due diligence.

7.2     Plaintiff and the Class Members had no realistic ability to discern that the speedometer was defective until it failed. In addition, despite the exercise of due diligence, Plaintiff and the Class Members could not reasonably have been expected to learn or discover the fact that they were deceived, and that material information concerning the speedometer was concealed from them, until manifestation of failure. Therefore, the claims being asserted by Plaintiff and the Class Members present the typical scenario in which the discovery rule is applicable.

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 11
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1    7.3    Upon information and belief, Defendant has known of the defect in the Trucks

2   and their speedometers since at least 2003, if not earlier, and has concealed from owners and

3   lessees of the Trucks or failed to alert the owners and lessees of the Trucks regarding the

4   defective nature of the speedometers.

5    7.4    Any applicable statutes of limitation have, therefore, been tolled by Defendant's

6   concealment and denial of the facts alleged herein. Further, Defendant is estopped from relying

7   on any statues of limitation because of its concealment of the defective nature of the Trucks and

8   their speedometers.

9                          **VIII.  CLASS ACTION ALLEGATIONS**

10    8.1    Plaintiff brings this lawsuit as a class action on behalf of himself and all other

11   Washington residents similarly situated as members of a proposed plaintiff class pursuant to

12   CR 23(a) and (b)(3).  This action satisfies the numerosity, commonality, typicality, adequacy,

13   predominance, and superiority requirements of those provisions.

14    8.2    The Class is defined as:

15         All persons in Washington State who purchased or leased a
          model year 2003 through 2007 Chevrolet Avalanche, Chevrolet
16         Silverado, Chevrolet Suburban, Chevrolet Tahoe, Chevrolet
          Trailblazer, GMC Denali, GMC Envoy, GMC Sierra, GMC
17         Trailblazer, or Cadillac Escalade.  Excluded from the Class are
          Defendant, any entity in which Defendant has a controlling
18         interest or which has a controlling interest of Defendant, and
          Defendant's legal representatives, assigns and successors.  Also
19         excluded are the judge to whom this case is assigned and any
          member of the judge's immediate family.
20
     8.3    Claims for personal injury are specifically excluded from the Class.
21
     8.4    Although the exact number of Class Members is uncertain and can only be
22
    ascertained through appropriate discovery, Plaintiff is informed and reasonably believes the
23
    number is great enough such that joinder is impracticable.  The disposition of the claims of
24
    these Class Members in a single class action will provide substantial benefits to all parties and
25
    to the Court.
26

27

COMPLAINT    CLASS ACTION                                    **TOUSLEY BRAIN STEPHENS PLLC**
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 12              1700 Seventh Avenue, Suite 2200
4561/001/202201.1                                                  Seattle, Washington 98101-4416
                                                          TEL. 206.682.5600 • FAX 206.682.2992

1    8.5    The claims of the representative Plaintiff are typical of the claims of the Class in
2    that the representative Plaintiff, like all Class members, owns a Truck designed and
3    manufactured by Defendant in which the speedometers have failed or are failing prematurely.
4    The representative Plaintiff, like all Class members, has been damaged by Defendant's
5    misconduct in that he incurred or will incur the cost of repairing damage caused by the
6    defective Trucks and their speedometers or replacing the speedometers. Furthermore, the
7    factual bases of Defendant's misconduct is common to all Class members and represents a
8    common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all
9    members of the Class.

10    8.6    There are numerous questions of law and fact common to Plaintiff and the Class.
11    Those questions predominate over any questions that may affect individual Class Members,
12    and include the following:

13        8.6.1    Whether the Trucks and speedometers manufactured by GM are
14    defectively designed or manufactured such that they are not suitable for their intended use.

15        8.6.2    Whether Defendant knew or should have known of the inherent design
16    or manufacturing defect in its Trucks;

17        8.6.3    Whether Defendant fraudulently concealed from or failed to disclose to
18    Plaintiff and the Class the inherent problems with its Trucks;

19        8.6.4    Whether Defendant had a duty to Plaintiff and the Class to disclose the
20    inherent problems with its Trucks;

21        8.6.5    Whether the facts concealed or not disclosed by Defendant to Plaintiff
22    and the Class are material facts;

23        8.6.6    Whether as a result of Defendant's concealment of or failure to disclose
24    material facts, Plaintiff and the Class acted to their detriment by purchasing Trucks
25    manufactured by Defendant;

26
27

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 13
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1      8.6.7    Whether Defendant breached its express warranty regarding its Trucks'

2   performance;

3      8.6.8    Whether Defendant failed to adequately warn Plaintiff and the Class

4   regarding the limitations of its Trucks;

5      8.6.9    Whether Defendant engaged in unfair competition or unfair deceptive

6   acts or practices when it concealed the limitations and failed to warn Plaintiff and Class

7   members of the defects in its Trucks;

8      8.6.10   Whether Defendant's conduct in marketing, selling, and leasing its

9   Trucks constitutes a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*;

10     8.6.11   Whether Defendant should be declared financially responsible for

11  notifying all Class Members of the problems with its Trucks and for the costs and expenses of

12  repair and replacement of all such Trucks and their speedometers;

13     8.6.12   Whether Defendant's representations regarding its Trucks had a capacity

14  to deceive a substantial portion of the consuming public;

15     8.6.13   Whether Plaintiff and the Class are entitled to compensatory, exemplary,

16  and statutory damages, and the amount of such damages, including, among other things: (i)

17  compensation for all out-of-pocket monies expended by members of the Class for repairs of the

18  Trucks' speedometers, replacement of the Trucks' speedometers, and loss of use of the Trucks

19  while speedometers were being repaired or replaced; (ii) compensation for traffic tickets or

20  auto insurance premium increases which resulted for exceeding posted rates of speed due to

21  defective speedometers; (iii) the failure of consideration in connection with or difference in

22  value arising out of the variance between the Trucks as warranted and the Trucks containing

23  the defect; and (iv) the diminution of resale value of the Trucks resulting from the defect;

24     8.6.14   Whether Plaintiff and the Class are entitled to replacement of their

25  defective Truck speedometers with non-defective Truck speedometers;

26

27

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 14
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL 206.682.5600 • FAX 206.682.2992

1     8.6.15  Whether Defendant should be ordered to disgorge, for the benefit of the

2   Class, all or part of the ill-gotten profits it received from the sale of defective Trucks and

3   speedometers, or to make full restitution to Plaintiff and the members of the Class.

4     8.7     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff

5   has retained counsel with substantial experience in prosecuting consumer class actions, and

6   specifically actions involving defective products. Plaintiff and his counsel are committed to

7   prosecuting this action vigorously on behalf of the Class, and have the financial resources to do

8   so. Neither Plaintiff nor his counsel has any interests adverse to those of the Class.

9     8.8     Plaintiff and the members of the Class have all suffered and will continue to

10   suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class

11   action is superior to other available methods for the fair and efficient adjudication of the

12   controversy. Absent a class action, most members of the Class likely would find the cost of

13   litigating their claims to be prohibitive, and would have no effective remedy at law. Because of

14   the relatively small size of the individual Class member's claims, it is likely that only a few

15   Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class

16   action, Class Members will continue to incur damages and Defendant's misconduct will

17   continue without remedy. Class treatment of common questions of law and fact would also be

18   superior to multiple individual actions or piecemeal litigation in that class treatment will

19   conserve the resources of the courts and the litigants, and will promote consistency and

20   efficiency of adjudication.

21                    **IX. FIRST CLAIM FOR RELIEF**
                      **(Actionable Misrepresentation)**
22

23     9.1     Plaintiff hereby incorporates by reference the allegations contained in the

24   preceding paragraphs of this Complaint.

25     9.2     Defendant knew or should have known the speedometers installed in its Trucks

26   were defectively designed or manufactured, would fail prematurely, were not suitable for their

27   intended use, and otherwise were not as warranted and represented.

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 15
4561/001/202201.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1    9.3    Defendant fraudulently, negligently, or recklessly concealed from or failed to

2    disclose to Plaintiff and the Class the defective nature of the speedometers.

3    9.4    Defendant was under a duty to Plaintiff and the Class to disclose the defective

4    nature of the speedometers because (i) Defendant was in a superior position to know the true

5    state of the facts about the design or manufacturing defect in the speedometers in its Trucks

6    because the design or manufacturing defect is latent; (ii) Defendant made partial disclosures

7    about the quality of the Trucks without revealing the defective speedometers; and

8    (iii) Defendant actively concealed the defective nature of the speedometers from Plaintiff and

9    the Class.

10    9.5    The facts concealed or not disclosed by Defendant to Plaintiff and the Class are

11    material facts in that a reasonable person would have considered those facts to be important in

12    deciding whether or not to purchase Defendant's Trucks.  Had Plaintiff and the Class known

13    the defective nature of the speedometers, they would not have purchased them or would have

14    paid less for them.

15    9.6    Defendant intentionally, recklessly, or negligently concealed or failed to

16    disclose the true nature of the design or manufacturing defect in the speedometers in its Trucks

17    for the purpose of inducing Plaintiff and the Class to act thereon, and Plaintiff and the Class

18    justifiably relied to their detriment upon the truth and completeness of Defendant's

19    representations about its Trucks.  This is evidenced by Plaintiff's and Class members' purchase

20    or lease of Defendant's Trucks.

21    9.7    Defendant continued to conceal the defective nature of the speedometers even

22    after members of the Class began to report problems.  Indeed, Defendant continues to cover up

23    and conceal the true nature of the problem.

24    9.8    As a direct and proximate cause of Defendant's misconduct, Plaintiff and the

25    Class have suffered and will continue to suffer actual damages in (i) expending out-of-pocket

26    monies for repairs of the Trucks' speedometers, replacement of the Trucks' speedometers and

27

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 16
4561/001/202201.1

1  loss of use of the Trucks while speedometers were being repaired or replaced; (ii) receiving

2  traffic tickets or auto insurance premium increases which resulted for exceeding posted rates of

3  speed due to defective speedometers; (iii) the failure of consideration in connection with or

4  difference in value arising out of the variance between the Trucks as warranted and the Trucks

5  containing the defect; and (iv) the diminution of resale value of the Trucks resulting from the

6  defect.

7      9.9      As a result of Defendant's misconduct, Plaintiff and the Class are entitled to

8  compensatory damages, attorneys' fees, costs, and interest thereon.

9                          **X.  SECOND CLAIM FOR RELIEF**
                    **(Violation of Washington's Consumer Protection Act,**
10                              **RCW 19.86 *et seq.*)**

11     10.1     Plaintiff hereby incorporates by reference the allegations contained in the

12  preceding paragraphs of this Complaint.

13     10.2     Defendant engaged in unfair or deceptive acts or practices when it:  (i) failed to

14  disclose its Trucks, and the speedometers in its Trucks, were not of a particular standard,

15  quality, or grade; (ii) failed to disclose, at and after the time of purchase or lease and repair, any

16  and all known material defects or material nonconformity of the Trucks, including the

17  speedometers of the Trucks; (iii) failed to disclose at the time of purchase or lease that the

18  Trucks, including the speedometers of the Trucks, were not in good working order, were

19  defective, and were not fit for their intended purpose; (iv) failed to give adequate warnings and

20  notices regarding the use, defects, and problems with the Trucks' speedometers to customers

21  and consumers who purchased or leased said Trucks, despite the fact that Defendant possessed

22  prior knowledge of the inherent defects to the Trucks' speedometers; (v) failed to disclose,

23  either through warnings or recall notices, or actively concealed the fact that the Trucks'

24  speedometers were defective, despite the fact that Defendant learned of such defects through

25  consumer complaints as early as 2003, if not before; (vi) caused Plaintiff and members of the

26  Class to expend sums of money at its dealerships to repair or replace the Trucks' speedometers,

27

COMPLAINT - CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 17
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1  despite Defendant's knowledge of the defect; and (vii) where Defendant replaced the Trucks'

2  speedometers pursuant to warranty provisions, Defendant utilized equally defective

3  speedometers and speedometer mechanisms such that the defect was not corrected even though

4  Defendant informed consumers that the defect was corrected.

5       10.3    Defendant either knew or should have known its Trucks and their speedometers

6  were defectively designed or manufactured, would fail prematurely, were not suitable for their

7  intended use, and otherwise were not as warranted by Defendant.

8       10.4    Defendant's unfair or deceptive acts or practices repeatedly occurred in

9  Defendant's trade or business, and were capable of deceiving a substantial portion of the

10  purchasing public.

11       10.5    As a direct and proximate cause of Defendant's unfair or deceptive acts or

12  practices, Plaintiff and the Class have suffered and will continue to suffer actual damages in (i)

13  expending out-of-pocket monies for repairs of the Trucks' speedometers, replacement of the

14  Trucks' speedometers and loss of use of the Trucks while speedometers were being repaired or

15  replaced; (ii) receiving traffic tickets or auto insurance premium increases which resulted from

16  exceeding posted rates of speed due to defective speedometers; (iii) the failure of consideration

17  in connection with or difference in value arising out of the variance between the Trucks as

18  warranted and the Trucks containing the defect; and (iv) the diminution of resale value of the

19  Trucks resulting from the defect.

20       10.6    As a result of Defendant's unfair and deceptive practices, Plaintiff and the Class

21  are entitled to injunctive relief in the form of restitution or disgorgement of funds paid to

22  Defendant to purchase their Trucks, or to repair and replace the Trucks' speedometers, as well

23  as compensatory and treble damages, attorneys' fees, and costs pursuant to RCW 19.86 *et seq.*

24                 **XI.  THIRD CLAIM FOR RELIEF**
                    **(Unjust Enrichment)**

25

26       11.1    Plaintiff hereby incorporates by reference the allegations contained in the

27  preceding paragraphs of this Complaint.

COMPLAINT – CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 18
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1    11.2    Defendant received monies as a result of Plaintiff's and Class members'

2    purchases and leases of its Trucks, and Defendant wrongfully accepted and retained these

3    benefits to the detriment of Plaintiff and Class members.

4    11.3    Defendant's enrichment at the expense of Plaintiff and Class members was

5    unjust.

6    11.4    As a result of Defendant's wrongful conduct, Plaintiff and the Class are entitled

7    to restitution from and institution of a constructive trust disgorging all profits, benefits, and

8    other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

9                          **XII. FOURTH CLAIM FOR RELIEF**
                              **(Breach of Express Warranty)**

10

11    12.1    Plaintiff hereby incorporates by reference the allegations contained in the

12    preceding paragraphs of this Complaint.

13    12.2    Plaintiff and the Class members have entered into certain written warranty

14    agreements with GM.  Pursuant to the express warranty, GM would provide Plaintiff and the

15    Class members with Trucks that were in proper working order and that were fit for their

16    intended purpose.  GM was further obligated to repair or service any defects or problems with

17    the Trucks that Plaintiff and the Class members experienced.  In exchange for these duties and

18    obligations, GM received payment of the purchase or lease price for the above-mentioned

19    Trucks from Plaintiff and the Class members.

20    12.3    Moreover, the advertisements, models and samples, and other similar uniform

21    representations disseminated by GM regarding the Trucks were, and are, affirmations of fact or

22    promises with regard to the performance and quality of those Trucks.  These advertisements,

23    models and samples, and other similar representations, formed, in whole or in part, the basis of

24    the bargain as between GM and members of the Class, and constituted express warranties that

25    the Trucks would conform thereto.  As described above, Class Members' Trucks did not

26    conform to these warranties, representations, models and samples.

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1     12.4    The express warranties provided to Plaintiff and other members of the Class,

2 were limited to 36 months or 36,000 miles (4 years or 50,000 miles for Escalade). However,

3 such limitation was patently unconscionable and unenforceable because GM was aware of the

4 defect in the Trucks' speedometers prior to selling or leasing the Trucks and knew or should

5 have known that the Trucks' speedometers would not properly register the rate of speed of the

6 Trucks at a time beyond the relevant warranty period. In addition, GM used its superior

7 knowledge of the existing defect to offer a warranty which it knew or should have known

8 would not cover the Trucks' speedometer defects which GM knew existed in those

9 speedometers at the time of purchase or lease of the Trucks by Plaintiff and members of the

10 Class. The limitations in the express warranties also were unconscionable because, among

11 other things, members of the Class had no meaningful choice in determining those time

12 limitations; the terms were not specifically negotiated or bargained for by the Class Members;

13 the limited warranties unreasonably favored GM over members of the Class; and a gross

14 disparity in bargaining power existed as between GM and members of the Class.

15     12.5    GM breached the aforementioned express warranties by providing Plaintiff and

16 the Class with Trucks with defective speedometers and failing to repair or replace those

17 defective speedometers.

18     12.6    Moreover, any remedy that GM has provided to Plaintiff and other members of

19 the Class has failed of its essential purpose in that Plaintiff or members of the Class have

20 experienced problems with the Trucks' speedometers even after replacement or repair of such

21 speedometers.

22     12.7    By virtue of its knowledge of the defect and its knowledge of the experience of

23 purchasers and lessees of the Trucks who complained of the defect in the Trucks and the

24 Trucks' speedometers, GM has received notice of the breach of the warranties.

25     12.8    The element of privity exists vis-a-vis GM and members of the Class because,

26 inter alia: (i) GM has had direct written communications with members of the Class with regard

27

COMPLAINT    CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 20
4561/001-202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1  to the Trucks in the form of standardized warranty forms, registration cards and other similar

2  documents; (ii) GM has had direct communications with members of the Class with regard to

3  the Trucks through television, newspaper and magazine advertisements; (iii) the dealers that

4  have sold and leased the Trucks to and communicated with members of the Class are agents, in

5  law or in fact, of GM; (iv) GM has entered into contracts with members of the Class in

6  connection with the assurance of warranties; and (v) Plaintiff and members of the Class are

7  third-party beneficiaries of warranties that ran from GM to its agents, the dealers.

8       12.9    As a result of the foregoing, the Plaintiff and the Class Members have suffered

9  damages that were directly and proximately caused by the defective Trucks and their

10  speedometers. Plaintiff and the proposed Class Members are entitled to damages in an amount

11  to be determined at trial.

12  
## XIII. FIFTH CLAIM FOR RELIEF
### (Breach of Implied Warranties)

13  

14       13.1    Plaintiff hereby incorporates by reference the allegations contained in the

15  preceding paragraphs of this Complaint.

16       13.2    GM impliedly represented and warranted that the Trucks were free of defects;

17  merchantable; and fit for their intended purpose. Pursuant to the warranty, GM warranted it

18  would provide Plaintiff and the Class members with Trucks that were in proper working order

19  and that were fit for their intended purpose. This included the speedometers of these Trucks.

20  GM was further obligated to repair or service any defects or problems with the Trucks,

21  including problems with the speedometers, that Plaintiff and the Class members experienced.

22  In exchange for these duties and obligations, GM received payment of the purchase or lease

23  price for the above-mentioned Trucks from Plaintiff and the Class members.

24       13.3    GM breached these representations and implied warranties because the defective

25  speedometers that Defendant installed in the Trucks purchased or leased by Plaintiff and the

26  Class members were not fit for the particular purpose for which they were intended. GM made

27  or allowed these misrepresentations to be made with the intent of inducing Plaintiff and the

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1  other members of the Class to purchase or lease the Trucks. If Plaintiff and the members of the

2  Class had known the true facts, they would not have purchased or leased the Trucks or paid as

3  much as they did for the Trucks.

4       13.4    By virtue of its knowledge of the defect and of the experience of purchasers and

5  lessees of the Trucks who complained of the defect in the Trucks, GM has received notice of

6  the breach of the warranties.

7       13.5    The element of privity exists vis-a-vis GM and members of the Class because,

8  inter alia: (i) GM has had direct written communications with members of the Class with regard

9  to the Trucks in the form of standardized warranty forms, registration cards and other similar

10  documents; (ii) GM has had direct communications with members of the Class with regard to

11  the Trucks through television, newspaper and magazine advertisements; (iii) the dealers that

12  have sold and leased the Trucks to and communicated with members of the Class are agents, in

13  law or in fact, of GM; (iv) GM has entered into contracts with members of the Class in

14  connection with the assurance of warranties; and (v) Plaintiff and members of the Class are

15  third-party beneficiaries of warranties that ran from GM to its agents, the dealers.

16       13.6    As a result of the foregoing, the Plaintiff and the members of the Class have

17  suffered damages that were directly and proximately caused by the defective Trucks and their

18  speedometers. Plaintiff and the members of the Class are entitled to damages in an amount to

19  be determined at trial.

20                          **XIV. RELIEF REQUESTED**

21       Plaintiff, on behalf of himself and all others similarly situated, request the Court enter

22  judgment against Defendant, as follows:

23       14.1    An order certifying the proposed plaintiff Class, designating Plaintiff as named

24  representative of the Class, and designating the undersigned as Class Counsel;

25       14.2    A declaration that Defendant is financially responsible for notifying all Class

26  members of the problems with its Trucks;

27

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 22
4561/001/202201.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

14.3    An order enjoining Defendant from further deceptive advertising, marketing, distribution, and sales and lease practices with respect to its Trucks, to cease its warranty claims program, and to remove and replace Plaintiff's and Class members' speedometers with a suitable alternative product;

14.4    An award to Plaintiff and the Class of compensatory, exemplary, and statutory damages, including interest thereon, in an amount to be proven at trial;

14.5    A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of its Trucks, or to make full restitution to Plaintiff and the members of the Class;

14.6    An award of attorneys' fees and costs, as allowed by law;

14.7    An award of pre-judgment and post-judgment interest, as provided by law;

14.8    For leave to amend the Complaint to conform to the evidence produced at trial; and

14.9    Such other or further relief as may be appropriate under the circumstances.

## XV.  DEMAND FOR JURY TRIAL

15.1    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED this 23rd day of February, 2007.

TOUSLEY BRAIN STEPHENS PLLC

By: _____
Kim D. Stephens, WSBA #11984
kstephens@tousley.com
Beth E. Terrell, WSBA #26759
bterrell@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Telephone: (206) 682-5600
Facsimile: (206) 682-2992

COMPLAINT — CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 23
4561/001/202201.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Gary E. Mason
gmason@masonlawdc.com
THE MASON LAW FIRM, PC
1225 19th Street NW
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

Alexander E. Barnett
abarnett@masonlawdc.com
THE MASON LAW FIRM, PC
One Pennsylvania Plaza, Suite 4632
New York, New York 10119
Telephone: (212) 362-5770
Facsimile: (917) 591-5227

Kevin L. Oufnac
kevin.oufnac@kgscounsel.com
KAHN GAUTHIER SWICK LLC
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

Michael F. Ram
mfr@lrolaw.com
Amy G. Chen
achen@lrolaw.com
LEVY, RAM & OLSON
639 Front Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff*

COMPLAINT --- CLASS ACTION
FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION - 24
4561/001/202201 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL 206.682.5600 • FAX 206.682.2992