HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN ZWICKER and TERESA K. PALMER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>GENERAL MOTORS CORPORATION, a Delaware corporation,<br><br>          Defendant. | MDL No. 1896<br><br>NO. C07-0291 JCC<br><br>**PLAINTIFFS' MOTION FOR APPEAL BOND**<br><br><u>Noted for Consideration:</u><br>Friday, December 26, 2008<br><br>**ORAL ARGUMENT REQUESTED** |
| ROY FALK, LEE KRATZER and BARBARA McRAE, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>          Plaintiffs,<br><br>  v.<br><br>GENERAL MOTORS CORPORATION, a Delaware corporation,<br><br>          Defendant. | NO. C08-0031 JCC |

PLAINTIFFS' MOTION FOR APPEAL BOND - 1
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

CHRIS CHRISTENSEN, TERRY M. KELLY, and PEGGY KELLY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation,

    Defendant.

NO. C08-0032 JCC

# I. RELIEF REQUESTED

Plaintiffs move the Court for an order requiring *pro se* objector, Clyde F. Padgett, to pose an appellate cost bond in the amount of $40,811.20 within two weeks of the entry of this order. Mr. Padgett filed an appeal of the final judgment in this case on November 28, 2008.

# II. ARGUMENT

Rule 7 of the Federal Rules of Appellate Procedure empowers a United States District Court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In applying this rule, "[t]he determination of the amount of a bond necessary to ensure payment of costs on appeal is left to the discretion of the district court." *In re Heritage Bond Litig.*, No., MDL 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13627 (C.D. Cal. Sept. 12, 2005) (citing *Young v. New Process Steel*, 419 F.3d 1201, 1203 (11th Cir. 2005)). The term "costs on appeal" in Rule 7 includes all expenses defined as "costs" by an applicable fee-shifting statute, including attorney's fees. *Azizian, et al. v. Federated Dep't Stores, Inc., et al*, 499 F. 3d 950, 958 (9th Cir. 2007). As discussed below, California Civil Code § 1780(d), of California's Consumer Legal Remedies Act (hereinafter "CLRA") is the applicable fee-shifting statute here. Pursuant to this statute, a prevailing plaintiff is entitled to an award of court costs and attorneys' fees, and a prevailing defendant may also obtain fees and costs under certain circumstances. The Court should require Mr. Padgett to post a bond to secure payment of attorneys' fees and costs likely to be awarded on appeal.

PLAINTIFFS' MOTION FOR APPEAL BOND - 2
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

### A. The Court Should Include Anticipated Attorneys' Fees In its Calculation of the Amount of the Bond.

Plaintiffs Roy Falk, Lee Kratzer and Barbara McRae are all citizens of the State of California. *See Second Amended Class Action Complaint* (Dkt. # 74) at ¶¶ 7-9. Each Class representative brought claims against Defendant General Motors ("GM") pursuant to the CLRA, Cal. Civ. Code § 1780 *et seq. Id.* at ¶ 58. Section 1780(d) of the CLRA provides that the court "shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." Cal Civ. Code § 1780(d).

In *Azizian, supra*, the Ninth Circuit held that the term "costs on appeal" in Rule 7 could include attorneys' fees depending on the form of the applicable fee-shifting statute. *Azizian* 499 F.3d at 959-60. In contrast to the fee shifting provision of the CLRA, the Ninth Circuit found the fee statute at issue in *Azizian*, Section 4 of the Clayton Act, to be "asymmetrical." That is, only plaintiffs could recover attorneys' fees and only if they won. If a plaintiff lost, defendants could not collect attorneys' fees as the prevailing party. *Id.* Because of this asymmetry, the appellate court found that the fee provision of Section 4 of the Clayton Act serves the purpose of penalizing and deterring those who violated the antitrust laws. *Id.* at 960. Hence, the Court of Appeals found that the district court's Rule 7 bond improperly included security for attorneys' fees. *Id.* at 960.

Section 1780(d) of the CLRA, by contrast, is "symmetrical." That is, it enables either an appellee or appellant to collect costs and fees on appeal. Cal Civ. Code § 1780(d). Consequently, the CLRA is more similar to the fee shifting provisions of the Copyright Act, 15 U.S.C. § 15(a), and the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b), than the Clayton Act. *See Azizian,* 499 F.3d at 960. The Copyright Act, like the CLRA,

PLAINTIFFS' MOTION FOR APPEAL BOND - 3
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

provides for an award of reasonable attorney's fees to the prevailing party.[1] Similarly, the Civil Rights Attorney's Fees Award Act authorizes a court to award attorneys' fees to the prevailing party.[2] Because these fee provisions are symmetrical, they serve a different purpose. They enable plaintiffs to bring damage actions on claims that might otherwise be economically unfeasible to litigation while at the same time discouraging frivolous litigation with the threat that a plaintiff may have to pay the fees of opposing counsel if they lose. *See generally, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114, S.Ct. 1023, 127 L.Ed.2d 455 (1994) (discussing the Copyright Act's fee shifting provision and finding that both plaintiffs and defendants may recover attorneys' fees under its provisions); *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 412 (7th Cir. 2005) ("As an initial matter, we point out that the language of [the Civil Rights Attorney's Fees Award Act] does not preclude defendants or defendant-intervenors from recovering attorneys' fees.") The CLRA's fee-shifting provision also permits defendants to recover attorneys' fees and costs. Cal. Civil Code. § 1780(d).

The "prevailing party" standard is a relatively low bar for an award of attorney's fees and would be satisfied here if the Class were to prevail upon appeal. To be a "prevailing party" for the purpose of awarding attorneys' fees, a litigant must meet two criteria: (1) "he must achieve a 'material alteration' of the legal relationship of the parties", and (2) "that alteration must be "judicially sanctioned."" *Carbonell v. INS*, 429 F. 3d 894, 898 (9th Cir. 2005). The fact that the parties have settled does not eliminate the ability to be declared a prevailing party, particularly where, as here, the parties agreed in their settlement that the district court retains jurisdiction over the settlement. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 n.5 (9th Cir. 2002).

---

[1] "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

[2] "In any action or proceeding to enforce a provision of sections 1977 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

PLAINTIFFS' MOTION FOR APPEAL BOND - 4
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

Requiring Mr. Padgett to post fees and costs in the form of a bond is consistent with the purpose of the CLRA's fee shifting statute. That same purpose is served by awarding fees to an appellant who must incur costs and fees to oppose the appeal of a lone objector to a Court-approved settlement especially where, as here, the appeal will deny relief to approximately 746,000 class members.[3]

**B.      Plaintiffs Are Highly Likely to Prevail Upon Appeal.**

Plaintiffs have confidence that the Court of Appeals will find that this Court correctly overruled Mr. Padgett's objections and found that they did not warrant disapproval of the Settlement. Mr. Padgett objected to the settlement on three grounds – although he apparently did not feel strongly enough about any of his objections to attend the final approval hearing. First, he contends that the Settlement is unfair because it does not provide any benefit to owners of vehicles with more than 80,000 miles. *See Verified Objection to Proposed Settlement Agreement, Notice of Intent to Appear, and Motion to Intervene* ("*Verified Objection*") (Dkt. #150) at 3-4. Second, he claims that the requested fees and costs are unreasonable in light of the benefits to the class. *Id.* at 4-5. Finally, Mr. Padgett claims that the Settlement Agreement is a "windfall" for GM. *Id.* at 5-6. None of these claims are supported by any record evidence. Each may be readily dismissed.

First, the fact that some class members may be now or may soon become ineligible to receive benefits under the Settlement does not render the Settlement unfair or unreasonable to the Class as a whole. This settlement, like all settlements, is a compromise. Continuing to push for greater benefits would have been risky for several reasons: First, the Class would risk obtaining adverse rulings or an adverse judgment in GM's favor. Second, as more time passed, more class members would become ineligible for benefits as their vehicles aged or were sold. Finally, the Class faced – and still faces – the risk that GM will be unable to fund any

---

[3] See Olson Decl. ¶ 4. With the passage of time, many class members will be unable to obtain relief even if the appeal is ultimately denied since the Settlement only provides benefits to vehicles with mileage of 80,000 or less.

PLAINTIFFS' MOTION FOR APPEAL BOND - 5
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

settlement or judgment due to its precarious finances. Ironically, Mr. Padgett's appeal itself serves to increase these risks at a time when GM faces the imminent threat of bankruptcy (it says it needs government money to survive through the end of 2008) and seeks government aid.

Further, Mr. Padgett's objection to the award of attorney's fees and costs ignores completely Class Counsel's estimate that the Settlement will cost GM in excess of $100 million. Not only does Mr. Padgett fail to refute this estimate, he totally ignores it. As Plaintiffs have demonstrated, the requested fee is a small percentage (2.3%) of the conservatively estimated benefit. *See Plaintiffs' Reply Brief in Support of Motions For Final Approval and Attorneys' Fees and Costs* (Dkt. # 163) at 10.

Finally, Mr. Padgett's contention that GM's $100 million plus exposure somehow creates a "windfall" and is a "reward[ ] for [GM's] deceitful conduct" is nonsense. *Verified Objection* at 5-6. If anything, Mr. Padgett's appeal itself is a holiday gift to GM. His appeal will allow GM to avoid providing benefits under the Settlement until it is resolved. Worse yet, if during the pendency of Mr. Padgett's appeal GM declares bankruptcy, the Class is unlikely to receive any benefits at all. For all of these reasons, the Class is highly likely to prevail on appeal and, as the prevailing party, be eligible to receive payment of attorney's fees and costs from Mr. Padgett.

**C.      The Amount Of The Requested Bond Is Appropriate.**

Taxable costs include: (1) the preparation and transmission of the costs of the record; (2) the reporter's transcript, if needed; (3) the premiums paid for a supersedeas bond or other bond preserving rights pending appeal; (4) the fee for filing the notice of appeal; and (5) in the narrowly defined circumstances set forth above, attorneys' fees that may be assessed on appeal. *See* Fed. R. Civ. P. 7; *Pedraza*, 313 F.3d 1323,1333 (11th Cir. 2002); *see also In re: Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817 (6th Cir. 2004); *cert denied*, 544 U.S. 1049, 125 S.Ct. 2297, 161 L.Ed.2d 1089; *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist.

PLAINTIFFS' MOTION FOR APPEAL BOND - 6
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

LEXIS at 71072 * 2 (D. Mass. August 22, 2006). (Attached hereto as <u>Exhibit A</u>). Here, the Class respectfully requests that the bond include the following:

1. The cost of appeal in the amount of $1,000. *See In re: Cardizem*, 391 F.3d at 815 (inclusion of $1,000 in filing and brief preparation costs).

2. Attorneys' fees the Class will incur on appeal. The Class estimates appellate attorneys' fees of $30,000. *See Pedraza*, 313 F.3d at 1328 (anticipated appellate attorney's fees of $29,000.00 per appellant).

3. Interest on unpaid attorneys' fees. *Barnes*, 2006 U.S. Dist. LEXIS 71072 at * 2 (bond may include costs attendant to delay associated with an appeal. Plaintiff calculates the amount of interest as follows: .96% interest on the unpaid portion of the attorney's fees and costs of $1,022,000. Assuming the case takes only one year to go through the appellate process, that amount would be $9,811.20.[4]

As a result, the total bond should therefore be for $40,811.20. The Class believes this amount is appropriate under the circumstance of this case and allowed by law,

### III. CONCLUSION

For all of the foregoing reasons, the Class respectfully moves this Court to order Objector Clyde F. Padgett to post an appellate cost bond in the amount $40,811.20 to ensure recoupment of the costs of appeal. A proposed Order is attached hereto.

---

[4] 28 U.S.C. 1961 allows interest on any money judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield. 28 U.S.C. 1961(a). For the week ending November 21, 2008, the rate is .96%. *See www. utd. uscourts.gov/documents/int2008.html.*

PLAINTIFFS' MOTION FOR APPEAL BOND - 7
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

DATED this 5th day of December, 2008.

        TOUSLEY BRAIN STEPHENS PLLC

By: /s/ Mary B. Reiten, WSBA #33623
    Kim D. Stephens, WSBA #11984
    kstephens@tousley.com
    Mary B. Reiten, WSBA #33623
    mreiten@tousley.com
    1700 Seventh Avenue, Suite 2200
    Seattle, Washington 98101-4416
    Telephone: 206.682.5600
    Facsimile: 206.682.2992

    Gary E. Mason, Admitted *Pro Hac Vice*
    gmason@masonlawdc.com
    THE MASON LAW FIRM, LLP
    1225 19th Street NW, Suite 500
    Washington, DC 20036
    Telephone: 202.429.2290
    Facsimile: 202.429.2294

    Kevin L. Oufnac, Admitted *Pro Hac Vice*
    kevin.oufnac@kgscounsel.com
    KAHN GAUTHIER SWICK LLC
    650 Poydras Street, Suite 2150
    New Orleans, Louisiana 70130
    Telephone: 504.455.1400
    Facsimile: 504.455.1498

    Michael F. Ram, Admitted *Pro Hac Vice*
    mfr@lrolaw.com
    Karl Olson
    ko@lrolaw.com
    LEVY, RAM & OLSON
    639 Front Street, Fourth Floor
    San Francisco, California 94111
    Telephone: 415.433.4949
    Facsimile: 415.433.7311

    *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR APPEAL BOND - 8
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey R. Johnson, WSBA #11082
Email: jjohnson@wkg.com
John A. Knox, WSBA #12707
Email: jknox@wkg.com
WILLIAMS, KASTNER & GIBBS PLLC
P.O. Box 21926
Seattle, Washington  98101
Telephone:  206.628.6600
Facsimile:  206.628.6611

Micki S. Singer
Email:  micki.singer@sdma.com
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California  94105
Telephone:  415.781.7900
Facsimile:  415.781.2635

Amand K. Mines
Email: amand.mines@sdma.com
Jacqueline M. Jauregui
Email: jacqueline.jauregui@sdma.com
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 19th Floor
Los Angeles, California  90017
Telephone:  213.426.6900
Facsimile:  213.426.6921

E. Paul Cauley, Jr.
Email:  paul.cauley@sdma.com
SEDGWICK, DETERT, MORAN & ARNOLD LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201-7367
Telephone:  469.227.8200
Facsimile:  469.227.8004

*Attorneys for Defendant*

PLAINTIFFS' MOTION FOR APPEAL BOND - 9
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | I mailed copies of the foregoing to Objector: |
| 2 | Clyde F. Padgett, *pro se* |
|   | 910 McGregor Street |
| 3 | Lufkin, TX 75901 |
|   | Telephone: (409) 639-2769 |
| 4 | Facsimile: (409) 634-0421 |
| 5 | DATED at Seattle, Washington, this 5th day of December, 2008. |

By:   /s/ Kim D. Stephens, WSBA #11984
Kim D. Stephens, WSBA #11984
kstephens@tousley.com
Mary B. Reiten, WSBA #33623
mreiten@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Telephone: 206.682.5600
Facsimile: 206.682.2992

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR APPEAL BOND - 10
CASE NO. C07-291 JCC
4561/001/223207.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992