

07-CV-00291-RESP

Honorable John C. Coughenour

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN ZWICKER and TERESA K. PALMER, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br><br> GENERAL MOTORS CORPORATION, a Delaware corporation, <br><br> Defendant. | MDL NO. 1896 <br><br> NO. C07-0291 JCC <br><br> INTERVENOR'S RESPONSE TO PLAINTIFFS' MOTION FOR APPEAL BOND |

### INTERVENOR'S RESPONSE TO PLAINTIFFS' MOTION FOR APPEAL BOND

Intervenor and Class Member Clyde F. Padgett ("Padgett" or "Intervenor") files this his Response to Plaintiffs' Motion for Appeal Bond (the "Motion"), and in support thereof respectfully shows the Court as follows:

1. On December 5, 2008, class counsel filed a motion for appeal bond requesting the Court to require *pro se* Intervenor to post a bond for $40,811.20, in order to exercise his right to appeal. This thinly veiled attempt by class counsel to strip Intervenor of his right to appeal is both unconscionable and meritless, at best. Indeed, as the Ninth Circuit has instructed, "'any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.'" *Azizona v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007) (quoting *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)). For the reasons set forth below, Intervenor respectfully requests the Court to deny in whole class counsel's motion for appeal bond.

2. Intervenor is a resident of the State of Texas. Nonetheless, class counsel argues that California Civil Code § 1780(d) is "the applicable fee-shifting statute" providing a basis for an appeal bond. This argument conveniently ignores the fact that Texas law governs Intervenor's case. Indeed, class counsel's own complaint refers to the consumer protection laws of the State of Texas. There is absolutely no basis for class counsel's argument that California law applies to a Texas resident in a case pending in the State of Washington. And class counsel has failed to raise any "applicable fee-shifting statute" under Texas law. Accordingly, class counsel's thinly veiled attempt to chill Intervenor's appeal should be summarily rejected.

3. Additionally, class counsel's request for an appeal bond based on California Civil Code § 1780(d) is misplaced because this case was settled, not tried to a verdict. The provision of the California Code regarding the award of attorney's fees to a prevailing plaintiff only applies when the Court disposes of the case by judgment, not when the parties settle the case. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 n.7 (2001) (holding that a plaintiff "prevails" only when he receives a favorable judgment on the merits or enters into a court-supervised consent decree). Accordingly, the requested bond is wholly inappropriate in this case.

4. Moreover, class counsel's claim that the class is the "prevailing party" in this case misses the mark. Indeed, as Intervenor's objections point out, the only real prevailing parties in this case are General Motors and class counsel. How can the large portion of the class, including Intervenor, who obtained no benefits and waived all of their claims under the settlement agreement be considered a "prevailing party"? The answer is simple: a large portion of the class did not prevail and therefore attorneys' fees are unwarranted. *See Farrar v. Hobby*, 506 U.S.

**INTERVENOR'S RESPONSE TO PLAINTIFFS' MOTION FOR APPEAL BOND**

Page 2

103, 113 (1992) ("In some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party."); *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ("Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis* a district court would be justified in concluding that [denial of attorneys' fees is appropriate]."). Here, class counsel sought economic damages, punitive damages in the complaint, and a slew of other damages, but only obtained a *de minimis* recovery in light of the requested damages.

5. Further, despite class counsel's claim that the fee-shifting regime in California Civil Code § 1780(d) is "symmetrical," the statutory language belies that claim. Specifically, a defendant may only recover fees when "the court [finds] that the plaintiff's prosecution of the action was not in good faith." This is not a "symmetrical" fee-shifting statute; a defendant is required to make various factual showing to obtain a fee award. Entitlement to attorneys' fees under California Civil Code § 1780(d) is not simply dependent upon whether plaintiff or defendant prevails; the defendant has a much high burden. This is clearly an "asymmetrical" regime. Again, class counsel's attempt to thwart Intervenor's appeal is baseless.

6. Moreover, the very case law relied upon by class counsel instructs that an appeal bond is inappropriate in this case. For example, in *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007), the Ninth Circuit instructed in a class objector's appeal from a class settlement, "**[o]rdering one class member to pay other class members' appellate attorney's fees because of a disagreement about the propriety of settlement would not serve the purpose of Section 4 [of the Clayton Act] to penalize and deter those who have violated the antitrust laws.**" The Ninth Circuit therefore held "that the district court erred when it

INTERVENOR'S RESPONSE TO PLAINTIFFS' MOTION FOR APPEAL BOND

included anticipated appellate attorney's fees in its calculation of the amount of the Rule 7 bond." *Id.* The Ninth Circuit also cautioned that attorneys' fees should not be included in a bond when the party appealing is not the defendant. *Id.* at 960 ("Thus, a district court can order only a losing defendant —the party that has violated antitrust laws — to pay attorney's fees under Section 4."). As the *Azizian* Court further explained:

> While the interests of an antitrust settlement class member who challenges the settlement on appeal may well be adverse to the interests of a class member who supports it, both remain the alleged victims, rather than perpetrators, of the claimed antitrust injury. Ordering one class member to pay other class members' appellate attorney's fees because of a disagreement about the propriety of settlement would not serve the purpose of Section 4 to penalize and deter those who have violated the antitrust laws. Thus, even assuming, arguendo, that Plaintiffs-Appellees are otherwise eligible to collect fees under Section 4, they could not collect them from [class action objectors].

For these reasons, class counsel's request for an appeal bond should be denied on whole.

7. Finally, Intervenor would be financially unable to post the bond requested by class counsel. Specifically, the requested bond is more that half of Intervenor's yearly income. Such a bond would effectively require Intervenor to forgo his right to appeal. And as the Ninth Circuit has instructed in these circumstances:

> Requiring security for anticipated appellate attorney's fees under Rule 7 may be improper, notwithstanding an applicable fee-shifting provision, where other factors, such as financial hardship, indicate that the bond would unduly burden a party's right to appeal.

*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007). In short, Intervenor's appeal raises serious issues of the settlement's reasonableness, fairness, and adequacy. As such, this appeal should go forward unhampered by the unconscionable bond proposed by class counsel.

8.  In light of the obvious inappropriateness of the bond requested by class counsel, Intervenor does not believe oral argument would assist the Court in deciding this issue. However, to the extent the Court would find oral argument helpful, Intervenor respectfully requests the Court permit him to attend by telephone due to the financial constraints associated with travel from Texas to Washington for the hearing.

WHEREFORE, Intervenor and Class Member Clyde F. Padgett respectfully requests that the Court deny Class Counsel's Motion for Appeal Bond, and grant him all other relief, in law and equity, to which he may show himself justly entitled.

Respectfully submitted,

Clyde F. Padgett
*Pro Se*
910 McGregor Street
Lufkin, TX 75904
(936) 639-2769
(936) 676-8296 - Cell

CLASS MEMBER AND INTERVENOR

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was served on all attorneys of record in the above entitled and numbered cause the 23nd day of December, 2008, via e-mail:

Michael F. Ram
mfr@lrrolaw.com
Levy, Ram & Olsen
639 Front Street, Fourth Floor
San Francisco, California 94111

Kim D. Stephens
kstephens@tousley.com
Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416

Jacqueline M. Jaurequi
Jacqueline.jaurequi@sdma.com
Sedwick, Detert, Moran & Arnold LLP
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017

_____
Clyde F. Padgett

I hereby certify that the above and foregoing document was served on attorneys Kearney Dee Hutsler, Attorny for Objectors/Class members William P. Jehle and Tom Richeson, the 23nd day of December, 2008, via Fax @ (205) 414-9982.

Kearney Dee Hutsler
2700 Hwy. 280, Suite 320
Birmingham, Alabama 35223
Phone: (205) 414-9979
Fax: (205) 414-9982

_____
Clyde F. Padgett

___ FILED
___ LODGED
___ RECEIVED

DEC 26 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Clyde F. Padgett
910 McGregor Street
Lufkin, Texas 75904
(936) 639-2769

December 22, 2008

**VIA UPS-NEXT DAY DELIVERY**

U.S. District Court
Seattle Clerk's Office
U.S. Courthouse
700 Stewart Street, Lobby Level
Seattle, Washington 98101

Re:  Cause No. C07-0291 JCC; *Zwicker v. General Motors Corp.*; In the U.S. District Court for the Western District of Washington

Dear Clerk of the Court:

Enclosed for filing in the above-referenced case is my *Intervenor's Response to Plaintiffs' Motion for Appeal Bond.* Please file the enclosed response with the papers of the Court. By copy of this letter all counsel of record are receiving a copy of the notice and this filing via e-mail, and Kearney Dee Hutsler, Attorney for Objectors/Class Members William P. Jehle and Tom Richeson, are receiving a copy of the notice and this filing via Fax.

Please let me know if anything else is necessary to complete this filing. Thank you for your attention to this matter.

Sincerely,

Clyde F. Padgett